**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**STEVEN SANCHEZ, on behalf of himself**
**and all similarly-situated individuals,**

    Plaintiffs,

v.                                        Case No.: 8:15-cv-02714

**RUSHMORE LOAN MANAGEMENT**
**SERVICES, LLC,**

    **Defendant.**
_____/

**FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Steven Sanchez, files the following First Amended Class Action Complaint against Rushmore Loan Management Services, LLC, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"). Plaintiff also brings the action under the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, *et seq*., Florida Statutes (hereafter "FCCPA").

**PRELIMINARY STATEMENT**

1. Plaintiff brings this class action against the Defendant debt collector, Rushmore Loan Management Services, LLC, arising from the routine practice of sending collection letters to consumers, like those sent to Plaintiff which, *inter alia*, violated the FDCPA by misrepresenting the character, amount, or status of the debt in violation of 15 U.S.C. § 1692e(2)(A) and e(10), threatened to take any action that cannot legally be taken or that is not intended to be take in violation of 15 U.S.C. § 1692e(5), and attempted to collect amounts not authorized by contract or law in violation of 15 U.S.C. § 1692f(1).

2. These actions by Defendant also violate the FCCPA, including specifically Fla. Stat. § 559.72(9).

## JURISDICTION AND VENUE

3. Subject matter jurisdiction of this Court as to Plaintiff's FDCPA claims arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337. The Court has supplemental jurisdiction over Plaintiff's FCCPA claim.

4. In personam jurisdiction exists and venue is proper as the Defendant regularly conducts business in this district.

5. Plaintiff is a resident of this district and the alleged violations occurred here. *See* 28 U.S.C. § 1391.

## THE PARTIES

6. Plaintiff Steven Sanchez is an adult individual residing in Sarasota, Florida and within this Court's jurisdiction.

7. At all times material hereto, Plaintiff was a member of each putative class he seeks to represent.

8. Plaintiff and the putative class members are "consumers" as that term is contemplated in § 1692a of the FDCPA, and as defined by the FCCPA, including Fla. Stat. § 559.55.

9. Defendant is a California corporation and licensed collection agency engaged in the business of collecting debts due or alleged to be due to others across the State of Florida, with its principal place of business located in New York, New York.

10. Defendant is a "debt collector" as that term is contemplated in §1692a(6) of the FDCPA, and as by the FCCPA, including Fla. Stat. § 559.55.

**FACTUAL ALLEGATIONS**

11. Plaintiff in 2005 originally incurred a primary residences mortgage obligation to "Martin Funding Corporation," an entity that is not part of this action.

12. Defendant allegedly later obtained Plaintiff's mortgage obligation.

13. On July 6, 2015, Defendant sent a letter to Plaintiff at 3035 61st Street, Sarasota, FL 34243. Attached hereto as Exhibit "A" is copy of the July 6, 2015 letter from Defendant. The letter violates the FDCPA and FCCPA in multiple ways.

14. First, the letter violates the FDCPA because it seeks to collect on debts incurred outside of the applicable statute of limitations period. *See* 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f(1).

15. The letter also violates the FDCPA because it threatens legal proceedings, even on amounts barred by the statute of limitations, if they are not paid. *See* 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f(1).

16. Additionally, the letter violates the FDCPA because it misleads the borrower by indicating that the loan was not previously accelerated when, in fact, the loan was accelerated long ago in the underlying mortgage foreclosure action. *See* 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f(1).

17. In further violation of the FDCPA, the letter also misstates the amounts due and owing. *See* 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f(1).

18. Finally, in violation of the FCCPA, including Fla. Stat. § 559.72(9), Defendant is claiming and attempting to enforce a debt that is not legitimate in that some of the debt is barred by the statute of limitations. In further violation of the FCCPA, Defendant is attempting to assert

the existence of a legal right to enforce on part of a debt that is not collectable. Namely, a debt that is partially barred by the applicable statute of limitations.

### DEFENDANT'S ROUTINE PRACTICES VIOLATE THE FDCPA AND FCCPA

19. It is or was the routine practice of Defendant to send communications to Plaintiff and the putative class members, or cause to be sent, letters in the form of Exhibit A, which violate 15 U.S.C. § 1692e(2)(A) and Fla. Stat. § 559.72(9), because they falsely represent **the amount** of debt allegedly owed by a consumer.

20. It is or was the routine practice of Defendant to send communications Plaintiff and the putative class members, or cause to be sent, letters in the form of Exhibit A, which violate 15 U.S.C. § 1692e(2)(A) and Fla. Stat. § 559.72(9), because they falsely represent **the legal status** of debt allegedly owed by a consumer.

21. It is or was the routine practice of Defendant to send communications to consumers, or cause to be sent, letters in the form of Exhibit A, which violate 15 U.S.C. § 1692e(5) and Fla. Stat. § 559.72(9), because they falsely threaten to take action that cannot be legally taken or that is not intended to be taken.

22. It is or was the routine practice of Defendant to send communications Plaintiff and the putative class members, or cause to be sent, letters in the form of Exhibit A, which violate 15 U.S.C. § 1692e(10) Fla. Stat. § 559.72(9), because they utilize false representations and deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

23. It is or was the routine practice of Defendant to send communications to Plaintiff and the putative class members, or cause to be sent, letters in the form of Exhibit A, which violate 15 U.S.C. § 1692f(1) and Fla. Stat. § 559.72(9), because by sending letters in form of

Exhibit A to Plaintiff and the putative class members Defendant is illegally attempting the collection of an amount <u>not</u> expressly authorized by the agreement creating the debt or permitted by law.

## CLASS ALLEGATIONS

24. Plaintiff brings this action on his own behalf and on behalf of a class of persons similarly-situated pursuant to Fed.R.Civ.P. 23(a), 23(b)(3).

25. Plaintiff seeks to have certified three distinct FDCPA claims against Defendant.

26. First, Plaintiff seeks under 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f(1) and Fla. Stat. § 559.72(9), to have certified on behalf of a "Statute of Limitations Class" consisting of:  All persons in the United States who received a letter from Defendant in the form of Exhibit A, seeking payment of amounts due more than 5 years prior to date of letter.

27. Second, Plaintiff asserts an FDCPA claim against Defendant 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f(1) and Fla. Stat. § 559.72(9), on behalf of a "Loan Acceleration Class" consisting of:  All persons in the United States who received a letter from Defendant in the form of Exhibit A, warning of Defendant's intent to accelerate a loan that has already been accelerated.

28. Finally, Plaintiff asserts an FDCPA claim against Defendant 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f(1) and Fla. Stat. § 559.72(9), on behalf of a "Loan Acceleration Class" consisting of:  All persons in the United States who received a letter from Defendant in the form of Exhibit A, who received letters in which total amounts due are inaccurate.

## **RULE 23(a) PREREQUISITES**

29. <u>Numerosity</u>:   The Classes are so numerous that joinder of all members is impracticable. At this time, Plaintiff does not know the exact size of the Classes. Based on information and belief, the Classes are comprised of at least thousands of members and are geographically dispersed throughout the country as to render joinder of all Class Members impracticable.  The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notices.

30. <u>Typicality</u>:   Plaintiff's claims are typical of the other Class Members' claims. As described above, Defendant uses common practices and automated systems in committing the conduct that Plaintiffs allege damaged them and the Classes. Plaintiff seeks only statutory and damages for his classwide claims and, in addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Class.  Defendant uniformly breached the FDCPA and FCCPA by engaging in the conduct described above, and these violations had the same effect on each member of the Classes.

31. <u>Adequacy</u>:   Plaintiff will fairly and adequately protect the interests of the Putative Classes, and has retained counsel experienced in complex class action litigation.

32. <u>Commonality</u>:   Common questions of law and fact exist as to all members of each Class. Without limitation, the total focus of the litigation will be Defendant's uniform conduct and procedures, whether Defendant's debt letters violated the FDCPA and FCCPA. Even the appropriate amount of damages is a common question for members of each of the Classes.

## **RULE 23(b) PREREQUISITES**

33. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Putative Classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant.

34. Further, adjudication of each individual Class member's claim as separate action would potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

35. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds that apply generally to the Putative Classes, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Classes as a whole.

36. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Putative Classes predominate over any questions affecting only individual members of the Putative Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FDCPA and FCCPA.

37. Members of the Putative Classes do not have an interest in pursuing separate actions against Defendant, as the amount of each Class member's individual claims is small compared to the expense and burden of individual prosecution.

38. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices.

39.     Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

40.     Plaintiff intends to send notice to all members of the Putative Classes to the extent required by Rule 23. The names and addresses of the Putative Class members are available from Defendant's records.

### CLASS CLAIM I – FAIR DEBT COLLECTION PRACTICES ACT
*Violation of 15 U.S.C. § 1692e(2)(A)*

41.     Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

42.     Defendant sent written communications to Plaintiff and the putative class members, or cause to be sent, letters in the form of Exhibit A, which violate 15 U.S.C. § 1692e(2)(A), because they falsely represent the amount of debt allegedly owed by a consumer.

### CLASS CLAIM II – FAIR DEBT COLLECTION PRACTICES ACT
*Violation of 15 U.S.C. § 1692e(5)*

43.     Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

44.     Defendant sent written communications to Plaintiff and the putative class members, or cause to be sent, letters in the form of Exhibit A, which violate 15 U.S.C. § 1692e(5), because they falsely threaten to take action that cannot be legally taken or that is not intended to be taken.

### CLASS CLAIM III – FAIR DEBT COLLECTION PRACTICES ACT
*Violation of 15 U.S.C. § 1692e(10)*

45.     Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

46.     Defendant sent written communications to Plaintiff and the putative class members, or cause to be sent, letters in the form of Exhibit A, which violate 15 U.S.C. § 1692e(10), because they utilize false representations and deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

### CLASS CLAIM IV – FAIR DEBT COLLECTION PRACTICES ACT
*Violation of 15 U.S.C. § 1692f(1)*

47.     Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

48.     Defendant sent written communications to Plaintiff and the putative class members, or cause to be sent, letters in the form of Exhibit A, which violate 15 U.S.C. § 1692e(5), because they utilize false representations and deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

### FDCPA PRAYER FOR RELIEF

*WHEREFORE*, Plaintiff and the putative class, as to their FDCPA claims, request that judgment be entered for himself and the putative class against Defendant and that this Honorable Court order the following:

- A.  Certification of this action to proceed as a class action;
- B.  Award of statutory damages to the Plaintiff and the class as provided in 15 U.S.C. § 1692k(a)(2)(B);
- C.  Award of actual damages to the class in the amount paid in response to all letters in the form of Exhibit A;
- D.  Entry of a Declaratory Judgment that the challenged practices herein violate the FDCPA;
- E.  Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a);
- F.  Such other and further relief as the court deems just and equitable.

## CLASS CLAIM V – FLORIDA CONSUMER COLLECTION PRACTICES ACT
*Violation of Fla. Stat. § 559.72(9)*

49. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

50. Defendant sent written communications to Plaintiff and the putative class members, or cause to be sent, letters in the form of Exhibit A, which violate Fla. Stat. § 559.72(9), because they claim, attempt, or threaten to enforce a debt when Defendant knows that the debt is not legitimate in that some of it is barred by the statute of limitation.

51. Additionally, as set forth above, Defendant has attempted to "assert the existence of some other legal right when such person knows that the right does not exist," including enforcing a debt barred, in part, by the statutes of limitation.

## FCCPA PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the putative class, as to their FCCPA claims, request that judgment be entered for himself and the putative class against Defendant and that this Honorable Court order the following:

- A. Certification of this action to proceed as a class action;

- B. Award of statutory damages to the Plaintiff and the class as provided in the FCCPA;

- C. Award of actual damages to the class in the amount paid in response to all letters in the form of Exhibit A;

- D. Entry of a Declaratory Judgment that the challenged practices herein violate the FCCPA;

- E. Costs and reasonable attorneys' fees pursuant to Fla. Stat. § 559.77;

- F. Such other and further relief as the court deems just and equitable, including, but not limited to, an aggregate award of additional statutory damages up to the lesser of $500,000 or 1 percent of the Defendant's net worth for all remaining class members, as set out in Fla. Stat. § 559.77.

## JURY DEMAND

Plaintiff and the putative class members demand trial by jury of all claims so triable.

Dated this 15th day of January, 2016.

        Respectfully submitted,

        */s/ Brandon J. Hill*
        **LUIS A. CABASSA**
        Florida Bar Number: 053643
        Direct No.: 813-379-2565
        **BRANDON J. HILL**
        Florida Bar Number: 37061
        Direct No.: 813-337-7992
        **WENZEL FENTON CABASSA, P.A.**
        1110 North Florida Ave., Suite 300
        Tampa, Florida 33602
        Main No.: 813-224-0431
        Facsimile: 813-229-8712
        Email: lcabassa@wfclaw.com
        Email: bhill@wfclaw.com
        Email: mkimbrou@wfclaw.com
        Email: jriley@wfclaw.com
        **Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 15th day of January, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sent notification of this filing to:

Justin Wong
TROUTMAN SANDERS LLP
600 Peachtree Street, NE, Suite 5200
Atlanta, Georgia 30308-2216
\Counsel for Defendant

/s/*Brandon J. Hill*
**BRANDON J. HILL**