**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**STEVEN SANCHEZ, on behalf of himself**
**and all similarly-situated individuals,**

**Plaintiffs,**

**v.**                                                  **Case No.  8:15-cv-02714-JSM-EAJ**

**RUSHMORE LOAN MANAGEMENT**
**SERVICES, LLC,**

**Defendant.**

**DEFENDANT'S MOTION TO DISMISS**
**PURSUANT TO FED. R. CIV. P. 12(b)(6) AND**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Defendant Rushmore Loan Management Services, LLC ("Rushmore"), by counsel, pursuant to Fed. R. Civ. P. 12(b)(6) moves to dismiss with prejudice Plaintiff's First Amended Class Action Complaint for failure to state a claim upon which to grant relief.

**INTRODUCTION**

Plaintiff seeks to hold Rushmore liable for violations of the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA") based on a July 6, 2015 Notice of Intent to Foreclose Letter ("Notice of Intent Letter") that Rushmore sent to Plaintiff as a result of his non-payment of monthly mortgage payments. Plaintiff's claims appear to be based on an untenable theory that the debt on which Rushmore allegedly seeks to collect is barred by the statute of limitations.

Plaintiff's claims fail because he has not pled sufficient factual allegations to support his legal conclusion that collection of the underlying mortgage debt is time-barred by the statute of limitations.  Indeed, Plaintiff's own allegations seem to contradict his legal claims since he allegedly "encountered financial difficulty which resulted in his mortgage obligation falling into arrears" *in 2014* – approximately a year before the July 6, 2015 Notice of Intent Letter and well within any statutory period for enforcement of Plaintiff's debt obligation.

Moreover, this Court, the Florida Supreme Court, and a host of state and federal courts throughout Florida have expressly rejected Plaintiff's underlying legal theory and found that subsequent efforts to accelerate payment and pursue foreclosure are not barred by the statute of limitations.  Accordingly, Plaintiff's FDCPA and FCCPA claims – which are insufficiently pleaded and premised on an erroneous interpretation of Florida law – should be dismissed with prejudice.

## MEMORANDUM OF LEGAL AUTHORITY IN SUPPORT

### FACTUAL ALLEGATIONS[1]

1.      In 2005, Plaintiff entered into a mortgage loan (the "Loan").  (Am. Compl., ¶ 11).

2.      In 2014, Plaintiff allegedly "encountered financial difficulty which resulted in [the Loan] falling into arrears."  (Compl., ¶ 11).

3.      On July 6, 2015, Rushmore sent Plaintiff the Notice of Intent Letter attached as Exhibit A to the Amended Complaint.  (Am. Compl., ¶ 13, Exh. A).

---

[1] The Factual Allegations section is based on the allegations contained in Plaintiff's original Complaint (the "Compl., ¶ __") and his Amended Complaint (the "Am. Compl., ¶ ___").  For the limited purpose of this Motion, any plausible factual allegations in Plaintiff's Complaint and Amended Complaint are accepted as true.

**ARGUMENT**

**I.     Legal standard.**

Pursuant to 12(b)(6) of the *Federal Rules of Civil Procedure*, Plaintiff has failed to state a claim against Rushmore upon which relief can be granted.  "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." *James River Ins. Co. v. Ground Down Eng'g*, 540 F.3d 1270, 1274 (11th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  "A pleading that offers labels and conclusions[,] a formulaic recitation of the elements of a cause of action[,]" or "naked assertions devoid of further factual enhancement" will not suffice.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.*  Nor is the Court required to consider legal conclusions disguised as factual allegations. *See id.* at 678-79.

**II.    Plaintiff's allegations of FDCPA and FCCPA violations are unsupported by any factual content.**

Plaintiff contends that the Notice of Intent Letter violates the FDCPA and FCCPA by (1) seeking to collect on debts incurred outside the applicable statute of limitations period (Am. Compl., ¶ 14); (2) threatening legal proceedings (i.e., foreclosure) on a debt barred by the statute of limitations (Am. Compl., ¶ 15); (3) misleading the borrower into believing that the loan was not previously accelerated (Am. Compl., ¶ 16); and (4) misstating the amount due and owing (Am. Compl., ¶ 17).  These allegations are the very definition of "naked

3

assertions devoid of further factual enhancement" and should be dismissed for failure to state a claim.  *See Iqbal*, 556 U.S. at 678.

All of Plaintiff's claims are based on the legal conclusion that the collection on the debt is barred by the statute of limitations.  Plaintiff, however, fails to assert any factual allegations to support his legal conclusion that all or part of the debt at issue is time-barred.  He does not allege facts indicating how or when any cause of action for enforcement of the Loan accrued.  He does not allege facts sufficient to indicate when the claims allegedly expired.  In fact, based on the allegations in Plaintiff's original Complaint, *in 2014* he allegedly "encountered financial difficulty which resulted in [the Loan] falling into arrears." (Compl., ¶ 11).  It is unclear how collection on the Loan would be time-barred based on Plaintiff's allegation that he defaulted approximately one year before receiving the Notice of Intent Letter.

Nor does Plaintiff include any facts to suggest the relevance of a previous non-reported acceleration of his loan, or how the alleged omission is misleading to him.  In fact, the Supreme Court of Florida has found that it is "irrelevant whether acceleration had been sought in earlier foreclosure actions."  *See Nationstar Mortg., LLC v. Brown*, 175 So. 3d 833, 834 (Fla. Ct. App. 2015) (citing *Singleton v. Greymar Assocs.*, 882 So. 2d 1004 (Fla. 2004)).  It is similarly irrelevant whether Rushmore's July 6, 2015 letter advised Plaintiff of a previous acceleration.  An earlier acceleration does not prevent Rushmore from collecting on Plaintiff's debts.  Plaintiff has simply failed to plead facts sufficient to survive a motion to dismiss.  The Court should dismiss the Amended Complaint in its entirety.

**III.    Plaintiff's allegations of FDCPA and FCCPA violations are premised on a legal theory previously considered and rejected by this Court.**

The thrust of Plaintiff's Amended Complaint focuses on Rushmore's purported attempt to collect a time-barred debt.  Plaintiff fails to specify any facts to support the legal conclusion that collection of the debt was time-barred.  However, Plaintiff appears to pursue a theory that the debt is time-barred because the first acceleration of the debt occurred more than five years before the letter was sent to Plaintiff.[2]  Such a theory has been flatly rejected by this Court, by the Supreme Court of Florida, and by the great weight of authority having decided the issue.  Even if the first non-payment of an installment was greater than five years ago, subsequent non-payments are separate causes of action that give a mortgagee a right to initiate subsequent foreclosure proceedings based on those subsequent breaches.

This Court has "conclude[d] that the statute of limitations does not bar [a mortgagee] from foreclosing upon the Property on the basis of future non-payment defaults or non-payment defaults which have occurred within the past five years."  *Stern v. Bank of Am. Corp.*, No. 2:15-cv-153, 2015 U.S. Dist. LEXIS 84804, 2015 WL 3991058, at *3 (M.D. Fl. Jun. 30, 2015).  "Regardless of whether the statute of limitations bars individual defaulted payments that are more than five years old, the mortgage and note remain valid and enforceable."  *Lacroix v. Deutsche Bank Nat'l Trust Co.*, No. 2:14-cv-431, 2014 U.S. Dist.

---

[2] The decision that promoted this theory, *Deutsche Bank Trust Co. Ams. v. Beauvais*, No. 3D14-575, 2014 Fla. App. LEXIS 20422, 2014 WL 7156961 (Fla. Dist. Ct. App. Dec. 17, 2014) is currently pending *en banc* rehearing, *Deutsche Bank Trust Co. Ams. v. Beauvais*, 2015 Fla. App. LEXIS 13630 (Fla. Dist. Ct. App. Aug. 3, 2015).  Oral arguments were held on November 12, 2015 and the *en banc* panel's decision is still pending.  Nevertheless, even *Beauvais* recognized that its decision was contrary to a host of federal decisions that held "a subsequent foreclosure action was not barred by the statute of limitations following a dismissal without prejudice of the first foreclosure action."  2014 WL 7156961, at *8.  This Court should decline to follow *Beauvais* and instead follow *Stern*, *Lacroix*, and *Singleton* as the more reasoned, consistent authority that acceleration based on subsequent breaches is not time-barred.

LEXIS 170733, 2014 WL 7005029, at *2 (M.D. Fl. Dec. 10, 2014); *Smathers v. Nationstar Mortg., LLC*, No. 5:14-cv-415, 2014 U.S. Dist. LEXIS 129407, 2014 WL 4639136, at *3 (M.D. Fl. Sept. 16, 2014) (holding that a prior acceleration "did not act as a bar to future actions to enforce the note and mortgage, and any subsequent defaults within the past five years would create a new basis for acceleration of the note or foreclosure of the mortgage"); *see also Singleton v. Greymar Assocs.*, 882 So. 2d 1004 (Fla. 2004) ("[T]he subsequent and separate alleged default created a new and independent right in the mortgagee to accelerate payment on the note in a subsequent foreclosure action"); *Torres v. Countrywide Home Loans, Inc.*, No. 14-20759-CIV, 2014 U.S. Dist. LEXIS 106861, 2014 WL 372141, at *3 (S.D. Fl. Apr. 22, 2014) (holding that the statute of limitations does not begin to run upon exercise of a right to accelerate an amount due and owing under a note, "when the note is secured by a mortgage on the subject property and the party exercising the right to accelerate brings a cause of action to enforce the note or foreclose on the mortgage which is dismissed for any reason").

In *Singleton*, the Supreme Court of Florida found that acceleration and the filing of a foreclosure action does not bar a subsequent foreclosure action "predicated upon subsequent and different defaults." 882 So. 2d at 1007.[3]  Accordingly, the Third District's decision in *Deutsche Bank Trust Co. Ams. v. Beauvais* holding a subsequent foreclosure action as time-barred contradicts clear Florida Supreme Court precedent and should not be followed.

---

[3] *Singleton* involved the res judicata effect of a lender's right to pursue subsequent foreclosure actions, but the Court's analysis directly applies to the statute of limitations context.  *See, e.g., Dorta v. Wilmington Trust Nat'l Ass'n*, No. 5:13-cv-185, 2014 U.S. Dist. LEXIS 41596, 2014 WL 1152917, at *6 (M.D. Fl. Mar. 24, 2014) ("*Singleton* can be interpreted to show that an unsuccessful foreclosure action does not subsequently render a mortgage forever invalid and unenforceable.").

Indeed, this Court has found the ruling in *Beauvais* to be

> contrary to the overwhelming weight of authority, which holds that "even where a mortgagee initiates a foreclosure action and invokes its right of acceleration, if the mortgagee's foreclosure action is unsuccessful for whatever reason, the mortgagee still has the right to file later foreclosure actions . . . so long as they are based on separate defaults."

*Stern*, 2015 WL 3991058, at *3 (quoting *Dorta*, 2014 WL 1152917, at *1).

As the letter makes plain, Rushmore's right to accelerate is based not only on the April 2009 non-payment, but for non-payment of any other installment. Because collection on the Loan is based on breaches after the first breach – and, therefore, not barred by the statute of limitations – the Notice of Intent Letter cannot violate the FDCPA or FCCPA. The Court of Appeal of Florida found that similar language in a notice of intent to accelerate sufficiently set forth a new and independent right to accelerate payment and institute a foreclosure action. *Nationstar Mortg., LLC v. Brown*, 175 So. 3d 833, 833-34. In *Brown*, Nationstar sent Brown a new notice of intent to accelerate based on a March 2007 breach and "subsequent breaches," and those subsequent breaches were new causes of action that were not barred by the statute of limitations. *Id.* at 835.

Plaintiff's underlying theory is erroneous and contrary to Florida law. Accordingly, even if he had pled sufficient factual allegations (he has not), this action should be dismissed with prejudice as a matter of law.

CONCLUSION

For the foregoing reasons, Defendant Rushmore Loan Management Services, LLC requests the Court to grant its Motion to Dismiss, enter an Order dismissing with prejudice Plaintiff's First Amended Class Action Complaint in its entirety, and granting whatever other legal or equitable relief the Court deems appropriate.

Dated: January 29, 2016          **RUSHMORE LOAN MANAGEMENT SERVICES, LLC**

By:___*/s/  Justin Wong*_____
Of counsel

Justin Wong (Fla. Bar No. 89447).
TROUTMAN SANDERS LLP
600 Peachtree Street, NE, Suite 5200
Atlanta, Georgia  30308-2216
Phone:       (404) 885-3000
Facsimile:  (404) 885-3900

Counsel for Defendant

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on January 29, 2016, a copy of the foregoing was filed via the CM/ECF system for the Middle District of Florida, which sent notice of such filing to the following:

> Luis A. Cabassa
> Florida Bar Number:  053643
> Brandon J. Hill
> Florida Bar Number:  37061
> WENZEL FENTON CABASSA, P.A.
> 1110 North Florida Ave., Suite 300
> Tampa, Florida  33602
> Phone:  (813)224-0431
> Facsimile:  (813) 229-8712
> lcabassa@wfclaw.com
> bhill@wfclaw.com
>
> Counsel for Plaintiff

                    _/s/  Justin Wong_____

27749842