# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**STEVEN SANCHEZ, on behalf of himself
and all similarly-situated individuals,**

    **Plaintiffs,**

**v.**                           **Case No.: 8:15-cv-02714**

**RUSHMORE LOAN MANAGEMENT
SERVICES, LLC,**

    **Defendant.**

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

    Plaintiff, Steven Sanchez, hereby responds to Defendant's Motion to Dismiss Plaintiff First Amended Complaint under Federal Rule 12(b)(6) of the Federal Rules of Civil Procedure, and respectfully requests this Honorable Court enter an Order denying the relief sought by Defendant. In support of his Motion, Plaintiff submits the incorporated memorandum of law.

## OVERVIEW

    The action before this Court arose from Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., ("FDCPA"), and the Florida Consumer Collection Practices Act, § 559.72(9) ("FCCPA"). Defendant's Motion to Dismiss Plaintiff's Amended Complaint should be denied because it fails to mention -- much less overcome -- many of the allegations and individual counts in Plaintiff's Amended Complaint. Specifically, Defendant's Motion fails to address Plaintiff's allegations that Defendant's debt collection letter violated the FDCPA's "least sophisticated consumer" standard by indicating that Plaintiff's loan was not previously accelerated when, in fact, the loan was accelerated long ago in a separate underlying mortgage foreclosure action.

1

Additionally, Defendant's Motion fails to address the critical allegations in Plaintiff's Amended Complaint positing that the Defendant's debt collection letter misstates the amounts due and owing.  The amount Defendant claims Plaintiff owed it every month, $3,347.02, within the timeframe contained in the letter, April 1, 2009 through July 6, 2015, does not equate to the total debt Defendant seeks to collect. Simply put, Defendant is attempting to collect two separate "total amounts due" from Plaintiff in a single letter and, in fact, one is $50,000 more than the other.   This critical violation of the FDCPA is also ignored by Defendant's Motion.

Finally, the lone argument Defendant's Motion does raise is both factually and legally infirm.  Relying exclusively on cases dealing with foreclosures -- and lacking a single citation to a case dealing with either the FDCPA or the FCCPA --  Defendant argues it is entitled to collect on "amounts due" outside of the Florida five-year statute of limitations, and threatens legal proceedings if those amounts are not paid.  But as a recent Florida appellate court explained in *Collazo v. HSBC Bank USA, N.A*., 2016 Fla. App. LEXIS 5580 (Fla. 3d DCA, April 13, 2016) in order to determine the correct sum of principal and interest due under the mortgage note, Defendant must exclude monthly installment payments due over five years.  That recalculation will affect the Plaintiff's redemption rights under the terms of the mortgage.  Defendant also fails to acknowledge or address this issue in its Motion.

In sum, each of the cases cited by Defendant in its Motion is wide of the mark.  This is not a foreclosure case.  Whether Defendant is entitled to foreclose on Plaintiff's home, or not, in a subsequent foreclosure action is a fight for another day.[1] Here the issue is whether Defendant

---

[1] The statute of limitations issue is currently pending review in the Florida Supreme Court in *Bartram v. U.S. Bank N.A.*, 160 So. 3d 892 (Fla. 2014).  But, once again, what happens in *Bartram* has no impact on Defendant's obligations under either the FDCPA and/or the FDCPA.

2

violated the FDCPA and/or FCCPA. It did.  For these reasons, and as explained further below, Defendant's Motion should be denied.

## SUPPORTING FACTS

1.      Plaintiff brings this class action against Defendant, a debt collector, under the FDCPA and under the Florida Consumer Collection Practices Act ("FCCPA").  (Doc. 1, ¶ 1).

2.      Defendant's business practices violate the FDCPA and FCCPA because it sends out debt collection letters to consumers, like Plaintiff here, misrepresenting the character, amount, and status of debt owed.  (Doc. 1, ¶ 1).

3.       In 2005 Plaintiff incurred a primary residences mortgage obligation to "Martin Funding Corporation," an entity that is not part of this action.  (Doc. 1, ¶ 11).

4.      Defendant allegedly later obtained Plaintiff's mortgage obligation.    (Doc. 1, ¶ 12).  On July 6, 2015, Defendant sent a letter to Plaintiff.  (Doc. 1, ¶ 13).  Attached to the Amended Complaint as Exhibit "A" is copy of the July 6, 2015 letter from Defendant.

5.      The letter violates the FDCPA and FCCPA in multiple ways.   (Doc. 1, ¶ 13).

6.      First, the letter violates the FDCPA because it seeks to collect on debts incurred outside of the applicable statute of limitations period.  (Doc. 1, ¶ 14).  The letter also violates the FDCPA because it threatens legal proceedings, even on amounts barred by the statute of limitations, if they are not paid.  (Doc. 1, ¶ 15).  This issue is the only issue addressed in Defendant's Motion to Dismiss.

7.      But more importantly, Defendant's Motion completely ignored Plaintiff's allegations that Defendant's letter also "violates the FDCPA because it misleads the borrower by indicating that the loan was not previously accelerated when, in fact, the loan was accelerated long ago in the underlying mortgage foreclosure action."  (Doc. 1, ¶ 16).  This

critical allegation, which supports Plaintiff's third FDCPA claim, violation of 15 U.S.C. 1692e(10)(prohibiting the utilization of "false representations and deceptive means to collect or attempt to collect any debt…."), is not addressed in Defendant's Motion.

8.      In further violation of the FDCPA, Plaintiff's Amended Complaint also alleges Defendant's letter "misstates the amounts due and owing." (Doc. 1, ¶ 17).  Defendant's Motion also fails to address -- or even mention -- these allegations.  The letter inexplicably seeks to collect from Plaintiff a total amount due of $212,100.86 arising from a "regular monthly payments" of $3,347.02 from April 1, 2009 through July 6, 2015.  Nowhere does the letter explain *why* the monthly payment total amount due (75 months x $3,347.02 = $251,026.50) is over $50,000 *more* than the total amount due stated on the letter of $212,100.86.  And while this difference may be explained by Defendant by adding accrued interest, penalties, or even by prior installment payments made by Plaintiff, *etc*., nowhere in the letter does Defendant bother explaining how or why these amounts differ so greatly.  This is precisely the type of confusing and misleading information the FDCPA's "least sophisticated consumer" standard prohibits.

9.      As a result of these violations, on January 15, 2016 Plaintiff filed the operative Amended Complaint.  It includes four separate counts pled against Defendant under the FDCPA, specifically for violation of 15 U.S.C. § 1692e(2)(A), § 1692e(5), § 1692e(10), § 1692f(1), and one count pled against Defendant under the FCCPA, Fla. Stat. § 559.72(9).

10.     Defendant filed its Motion to Dismiss on January 29, 2016.  It should be denied for the reasons cited herein.

**MEMORANDUM OF LAW**

## I.      Legal Standard.

In ruling on a motion to dismiss for failure to state a claim, the Court "must accept the allegations set forth in the complaint as true." *Lotierzo v. Woman's World Med. Ctr., Inc.*, 278 F.3d 1180, 1182 (11th Cir. 2002).   In addition, all reasonable inferences should be drawn in favor of the plaintiff. *See Omar ex. rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003) Nonetheless, plaintiffs must still meet some minimal pleading requirements.   *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262-63 (11th Cir. 2004).   Indeed, while "[s]pecific facts are not necessary," the complaint should "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (*quoting Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)).   Plaintiff has "well-pled" the facts that gave rise to his Amended Complaint.   Defendant's Motion should be denied accordingly.

## II.      Plaintiff established a *prima facie* violation of the FDCPA and FCCPA.

To state a claim under the Fair Debt Collection Practices Act, a plaintiff need only allege that (A) he has been the object of collection activity arising from consumer debt; (B) the defendant is a debt collector as defined by the FDCPA; and (C) the defendant has engaged in an act or omission prohibited by the FDCPA.  *Sanz v. Fernandez*, 633 F. Supp. 2d 1356, 1359 (S.D. Fla. 2009); *Boosahda v. Providence Dane LLC*, 462 Fed. App'x 331, 333 n.3 (4th Cir. 2012). Importantly, in the Eleventh Circuit a debt collector's communication violates § 1692e of the FDCPA if it would be deceptive to the "least-sophisticated consumer." *LeBlanc v. Unifund CCR Partners*, 601 F. 3d 1185, 1194 (11th Cir. 2010).   The FCCPA explicitly provides that, "[i]n applying and construing this section, due consideration and great weight should be given to the

interpretations of . . . the federal courts relating to the federal Fair Debt Collection Practices Act." Fla. Stat. § 559.77(5).  Plaintiff has satisfied each of the prima facie elements for his FDCPA case and, in doing so, also established the prima facie elements needed for his FCCPA claim.

### (A).   Defendant engaged in debt collection activity under the FDCPA and FCCPA.

Defendant's Motion does not dispute that its July 6, 2015 letter is a debt collection activity under the FDCPA and FCCPA.  This satisfies the first element of Plaintiff's prima facie case.

### (B).   Defendant is a debt collector under the FDCPA and FCCPA.

Defendant's Motion also does not dispute it is a "debt collector" as defined by the FDCPA and FCCPA.  This satisfies the second element of Plaintiff's prima facie case.

### (C).   Defendant violated the FDCPA and FCCPA.

The only remaining inquiry is whether the Defendant engaged in acts or omissions prohibited by the FDCPA and FCCPA.  Plaintiff's Amended Complaint sufficiently alleges that Defendant engaged in such activities.  In the present case, Plaintiff alleges that Defendant's letter contains at least three separate false representations.

### (1).   Defendant's First Violation, § 1692e(10).

First, Defendant's letter misleads Plaintiff because it reads as if Plaintiff's loan was not previously accelerated when, in fact, the loan was accelerated long ago in the underlying foreclosure action.  This is precisely the type of deception and confusion the FDCPA prohibits, specifically § 1692e(10).  Indeed, the standard for evaluating violations of the FDCPA is not whether the individual plaintiff was confused or deceived but whether "the least sophisticated consumer would be confused or deceived" by Defendant's actions. *Jeter v. Credit Bureau*, 760 F.2d 1168, 1172-78 (11th Cir. 1985). "Additionally, the Court need not determine whether the

named plaintiff or other putative plaintiffs read or were confused by the notice, as the standard is whether the 'least sophisticated consumer' would have been misled." *Swanson v. Mid Am. Inc.*, 186 F.R.D. 665, 667 (M.D. Fla. 1999).   The debt collector must "effectively convey" the contents of the validation notice to the debtor. *Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 508 (6th Cir. 2007) (*citing Smith v. Computer Credit, Inc.*, 167 F.3d 1052, 1054 (6th Cir. 1999)).   Put another way, Defendant's debt collection letter is misleading because, on its face, it appears as though Defendant is for the first time accelerating the amount due on the debt owed by Plaintiff.

By omitting the fact that Plaintiff's home was previously subject to a prior foreclosure lawsuit (albeit unsuccessfully), a consumer, like Plaintiff and the putative class at issue here, may believe that timely monthly payments may somehow cure an already accelerated loan and/or avoid a foreclosure action when, in fact, that is simply untrue.   The loan has already been accelerated and it is already in default.   This is false and misleading information which violates the FDCPA. *Carbonell v. Weinstein Pinson & Riley, P.S.*, 2014 U.S. Dist. LEXIS 78250, *10 (S.D. Fla. May 30, 2014) (denying motion to dismiss FDCPA claims and holding "[t]he Court disposes summarily of Defendants' second and third arguments. The language at issue in this case is alleged to directly misrepresent the Plaintiff's rights in connection with active litigation. What documents must be sent to what place and by what deadline must be complied with to avoid forfeiting legal rights is certainly material.  Additionally, whether Plaintiff was not in fact deceived is not the relevant inquiry; the Court must apply the objective least sophisticated consumer standard.); *Battle v. Gladstone Law Group, P.A.*, 951 F. Supp. 2d 1310, 1315 (S.D. Fla. 2013) (denying motion to dismiss, in part, because attaching the Notice of Intent to

Foreclose to the state court complaint would deceive the "least sophisticated consumer" with respect to their consumer and litigant rights).

Plaintiff is mindful that Defendant was required by Florida law to send out the second "Notice of Intent to Foreclose" letter because it wanted to try for a second time to foreclose on Plaintiff's home.  But, as the court in *Freire v. Connors,* explained when denying a similar motion to dismiss, merely trying to comply with the law, and actually complying with the FDCPA, are two very different issues:

> Defendant, by titling its notice as it did, appears to have been striving to comply with its perceived duties under the FDCPA. It was, however, in error.  A debt collector must only provide a notice after an "initial communication" with a consumer. Both the statute and case law clearly establish that the filing of a civil complaint does not constitute such an initial communication. Nonetheless, having provided such a notice, Defendant must ensure that it provides accurate and clear information. That it did not is the thrust of Plaintiffs' complaint. Upon review, the Court agrees with Plaintiffs, and finds Defendant's notice, albeit gratuitously provided, could be deceptive to the least sophisticated consumer.

994 F. Supp. 2d 1284, 1289 (S.D. Fla. 2014) (internal citations omitted).

The same logic applies here. To avoid violating the FDCPA if Defendant previously accelerated a loan it should not send out "notice of intent to foreclose letters" falsely warning debtors that an already-accelerated loan will be accelerated for the first time if payments are not made. Instead, Defendant's letter could have easily satisfied its obligations under the "least sophisticated consumer" FDCPA standard by merely referencing the fact that the loan had already been accelerated and, as a result of its prior unsuccessful foreclosure, Defendant intended to re-institute foreclosure proceedings. Defendant failed to do so.  As a result, it violated the FDCPA.  This Court should follow the well-reasoned decisions from *Carbonell* and *Battle* and deny Defendant's Motion.  *See also Reese v. Ellis, Painter, Ratterree & Adams LLP*, 678 F.3d

1211, 1218 (11th Cir. 2012) (reversing dismissal of FDCPA complaint based, in part, on fact that allegations were well-pled).

### (2).    Defendant's Second Violations, § 1692e(2)(A), § 1692e(10), § 1692f(1).

Second, Defendant's debt collection letter misstates the amounts due and owing.  This violates § 1692e(2)(A), § 1692e(10), § 1692f(1).  Defendant claims Plaintiff owed it monthly installment payments of $3,347.02 from April 1, 2009 through July 6, 2015.  That time period includes 75 monthly payments.  Thus, the total monthly payment amount due in Defendant's letter is $251,026.50.  Inexplicably, however, the debt collection letter sent by Defendant also informs Plaintiff that the total amount due is $212,100.86.  Thus, there is a difference of over $50,000 between the total amount due if individual monthly payments of $3,347.02 are made *versus* the lump sum total amount due of $212,100.86.  A reasonable consumer could be confused as to whether he owes the monthly payment amount due totaling $251,026.50, or whether he owes the lesser total amount due of $212,100.86.  *See, e.g., Freire v. Connors*, 994 F. Supp. 2d 1284, 1289 (S.D. Fla. 2014).

If interest is accruing daily, or if there are undisclosed late fees, a consumer who pays the "current balance" stated on the notice will not know whether the debt has been paid in full due to the conflicting total monthly payment amount of $251,026.50 and the total lump sum amount due of $212,100.86. Because the statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, can mislead the least sophisticated consumer into believing that payment of the total "amount due" stated will clear his account when, in fact, it may not, the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees.  *See,*

*e.g., Avila v. Riexinger & Assocs., LLC*, 2016 U.S. App. LEXIS 5327, *2 (2d Cir. Mar. 22, 2016).

The Second Circuit recently dealt with a similar issue when it vacated the dismissal of an FDCPA complaint alleging that a debt collector's notice stating the "current balance" of the debt without disclosing that the balance may increase over time due to interest and fees was, in fact, "misleading" within the meaning of § 1692e. *Avila v. Riexinger & Assocs., LLC*, 2016 U.S. App. LEXIS 5327, *2 (2d Cir. Mar. 22, 2016).   Specifically, in *Avila* the Second Circuit opined as follows:

> [W]e hold that plaintiffs have stated a claim that the collection notices at issue here are misleading within the meaning of Section 1692e. A reasonable consumer could read the notice and be misled into believing that she could pay her debt in full by paying the amount listed on the notice. In fact, however, if interest is accruing daily, or if there are undisclosed late fees, a consumer who pays the "current balance" stated on the notice will not know whether the debt has been paid in full. The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.
>
> Because the statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, we hold that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees. We think that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as plaintiffs who may hold the reasonable but mistaken belief that timely payment will satisfy their debts.

Moreover, as also explained by the Second Circuit in *Avila*, a debt collector -- like Defendant here -- who is willing to accept a specified amount in "full satisfaction of the debt if payment is made by a specific date could considerably simplify the consumer's understanding by so stating, while advising that the amount due would increase by the accrual of additional interest

or fees if payment is not received by that date." *Avila*, 2016 U.S. App. LEXIS 5327, *10.  The letter at issue here stated only the "total amount due," which conflicted with total amount due if monthly payments of $3,347.02 were made, but did not disclose that the balance might increase due to interest and fees, or that the total amount due had decreased as a result of past payments made by Plaintiff. Thus, Plaintiff has stated a claim that Defendant's letter was "misleading" within the meaning of the FDCPA.

This Court dealt with a similar issue in *Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp. 2d 1361, 1370 (M.D. Fla. 2002).  In *Fuller*, the plaintiffs asserted that the Defendants' debt collect letter violated the FDCPA based, in part, on the fact that "[i]n subparagraph one, Plaintiffs are notified of different amounts that they may owe, depending on when their delinquent payments began; however, Plaintiffs are not told whether they owe the full amount stated nor are they notified as to when their delinquent payments began."  This is comparable to the varying total amounts sought in the debt letter Defendant sent Plaintiff in this case. If paid in monthly installments of $3,347.02 Plaintiff allegedly owed $251,026.50.  But, if paid in one lump sum Plaintiff allegedly owed $212,100.86.  In *Fuller*, this Court held that Defendant's letter violated the FDCPA based, in part, on the confusion created by the debt letter over the amount owed.  The same outcome should follow here.   Defendant's Motion ignores completely these allegations from Plaintiff's Amended Complaint.  Thus, the Motion should be denied.

### (3).   Defendant's Third Violations, § 1692e(2)(A), § 1692e(5), and Fla. Stat. § 559.72(9).

Third, Defendant's letter seeks amounts that are beyond statute of limitations and threatens legal proceedings if those amounts are not paid.  This violates § 1692e(2)(A), § 1692e(5), and Fla. Stat. § 559.72(9).   Importantly, these are the only claims addressed in Defendant's entire

Motion to Dismiss.  But, as the Third DCA recently explained in *Collazo v. HSBC Bank USA, N.A.*, 2016 Fla. App. LEXIS 5580, *2 (Fla. 3d DCA, Apr. 13, 2016), Defendant is simply wrong:

> The record in the present case, however, discloses that HSBC asserted the same payment default and basis for acceleration in both the 2008 and 2014 complaints. As a result, we reverse the final judgment of foreclosure and remand the case for disposition in accordance with today's opinion in Beauvais.  On remand, **the trial court is to determine the correct sum of principal and interest due under the mortgage note calculated by excluding monthly installment payments due over five years** before the commencement of the second foreclosure suit by HSBC (January 24, 2014).  That recalculation will also affect the Collazos' redemption rights under the terms of the mortgage.

(Emphasis added).

The same logic applies here.  Defendant's letter fails to exclude monthly installment payments that exceed five years.  This violates the FDCPA, including § 1692e(2)(A), § 1692e(5), as well as Fla. Stat. § 559.72(9).  Specifically, Defendant's notice of intent to foreclose letter -- which is dated July 6, 2015 -- seeks to collect payments due dating back to **April 1, 2009**, which is over six years after the first payment was due.  Just as the Third DCA just explained in *Collazo*, installment payments due under Plaintiff's mortgage note must be calculated by excluding any monthly installment payments due over five years.  Defendant failed to exclude post-five year installment payments   This violates the five-year statute of limitation set forth in Fla. Stat. § 95.11(2)(c).

Defendant's Motion overlooks completely the fact that its letter failed to exclude the time-barred monthly payments included in the letter.  Instead, Defendant's Motion focuses on the largely irrelevant issue of whether Defendant is permitted to institute a subsequent foreclosure action after five years.  The Motion cites to multiple Florida foreclosure cases and foreclosures cases from this Court for this proposition, including *Nationstar Mortg., LLC v. Brown*, 175 So. 3d 833, 834 (Fla. Ct. App. 2015); *Stern v. Bank of Am. Corp.*, 2015 U.S. Dist.

LEXIS 84804 (M.D. Fla. Jun. 30, 2015); *Lacroix v. Deutsche Bank Nat'l Trust Co*., 2014 U.S. Dist. LEXIS 170733, 2014 WL 7005029, at *2 (M.D. Fla. Dec. 10, 2014); *Smathers v. Nationstar Mortg., LLC*, 2014 U.S. Dist. LEXIS 129407, 2014 WL 4639136, at *3 (M.D. Fla. Sept. 16, 2014); *Singleton v. Greymar Assocs.*, 882 So. 2d 1004 (Fla. 2004); *Torres v. Countrywide Home Loans, Inc*., U.S. Dist. LEXIS 106861, at *3 (S.D. Fl. Apr. 22, 2014).

But not a single one of these cases is an FDCPA or FCCPA case.[2]  They are all foreclosure or declaratory action cases that have nothing whatsoever to do with a debt collector's obligations under the FDCPA or FCCPA.  None of them analyze the "notice of intent to foreclose" letters sent by debt collectors for potential FDCPA or FCCPA violations.  And none of them run contrary to *Collazo*'s prohibition of the inclusion of post-five year installment payments when calculating the principal and interest due under the mortgage note.

Other courts have agreed that attempting to collect on a debt on which the statute has run is a misrepresentation of the legal status of the debt in violation of the FDCPA. One of the leading cases is *Kimber v. Federal Financial Corp*., 668 F.Supp. 1480 (M.D Ala. 1987).  In *Kimber*, the debtor incurred a debt to a retail store that became overdue. The debt was later purchased by the Federal Financial Corporation ("FFC"). FFC then assigned the account to an attorney for collection.  Some ten years later (which is just four years shy of the six year old debt

---

[2] It is worth noting that the very statute of limitations issue Defendant relies exclusively on its Motion seeking dismissal is currently pending review in the Florida Supreme Court in *Bartram v. U.S. Bank N.A*., 160 So. 3d 892 (Fla. 2014). Thus, for Defendant to state that this issue is settled is far from accurate. In fact, at the time Plaintiff filed his Amended Complaint at least one Florida appellate court, *Deutsche Bank Trust Co. Ams. v. Beauvais*, 2014 Fla. App. LEXIS 20422 (Fla. 3rd DCA, Dec. 17, 2014), held that a subsequent foreclosure action was barred by the statute of limitations following a dismissal without prejudice of the first foreclosure action.  Then, during the pendency of this lawsuit, on motion for rehearing en banc the Third DCA reversed its prior opinion and held that secondary foreclosures were not prohibited beyond the expired statute of limitations.  Importantly, the *Collazo* Third DCA opinion was not impacted by *Beauvais* as it was entered <u>after</u> the en banc *Beauvais* opinion and still held that post-five year payments cannot be included when calculating the principal and interest due under the mortgage note.

Defendant is attempting to collect on here) the debtor was informed the now 10-year-old debt needed to be paid or she would be sued. She refused to pay, and eventually filed an FDCPA case.

Ultimately, in *Kimber* the Court held that a debt collector's filing of a lawsuit on a debt that appears to be time-barred, without the debt collector having first determined after a reasonable inquiry that that limitations period has been or should be tolled, is an unfair and unconscionable means of collecting the debt. "As previously demonstrated, time-barred lawsuits are, absent tolling, unjust and unfair as a matter of public policy, and this is no less true in the consumer context. As with any defendant sued on a stale claim, the passage of time not only dulls the consumer's memory of the circumstances and validity of the debt, but heightens the probability that she will no longer have personal records detailing the status of the debt." *Kimber v. Federal Financial Corp.*, 668 F. Supp. 1480, 1487 (M.D. Ala. 1987).  The same outcome should follow here.  Defendant is not permitted to seek installment payments that exceed the five year statute of limitations.  It did so anyway.  Thus, it violated both the FDCPA and FCCPA.  Defendant's Motion should be denied accordingly.

## III.    Leave to Amend.

If for any reason this Honorable Court is inclined to grant Defendant's Motion to Dismiss, Plaintiff respectfully requests leave to file a Second Amended Complaint.  "A district court's discretion to dismiss a complaint without leave to amend is severely restricted by Fed. R. Civ. P. 15(a), which directs that leave to amend shall be freely given when justice so requires." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (*quoting Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988)).

DATED this 27th day of May, 2016.

Respectfully submitted,

/s/ Brandon J. Hill

**LUIS A. CABASSA**
Florida Bar Number: 053643
Direct No.: 813-379-2565
**BRANDON J. HILL**
Florida Bar Number: 37061
Direct No.: 813-337-7992
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: bhill@wfclaw.com
Email: mkimbrou@wfclaw.com
Email: jriley@wfclaw.com
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 27th day of May, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to the following:

Justin Wong
TROUTMAN SANDERS LLP
600 Peachtree Street, NE, Suite 5200
Atlanta, GA 30308
Attorneys for Defendant

/s/Brandon J. Hill
**BRANDON J. HILL**