## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

STEVEN SANCHEZ, on behalf of himself
and all similarly-situated individuals,

      Plaintiffs,

v.                                  CASE NO:  8:15-CV-2714-T-30UAM

RUSHMORE LOAN MANAGEMENT
SERVICES, LLC,

      Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss (Dkt. 15) and Plaintiff's Response in Opposition (Dkt. 37).  The Court, upon review of the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## BACKGROUND

This action arises from Defendant Rushmore Loan Management Services, LLC's alleged violations of the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA").  Plaintiff Steven Sanchez alleges that Rushmore Loan sent him a letter in collection of a debt that violated the FDCPA and FCCPA in several respects.  Plaintiff contends that the letter, titled "Notice of Intent to Foreclose," referred, in relevant part, to debt that was barred by the applicable statute of limitations.

Specifically, the letter is dated July 6, 2015, and demands payments due from April 1, 2009, to the present.  The letter also states that it is "AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. RUSHMORE IS ACTING AS A 'DEBT COLLECTOR' AS THAT TERM IS DEFINED IN THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT."  (Dkt. 14-1). Plaintiff also alleges that the letter was misleading because it did not notify him that the loan had been previously accelerated.  Further, the letter misstated the amount due.

Rushmore Loan now moves to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted.  When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).   However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).  On the contrary, legal conclusions "must be supported by factual allegations." *Id.*   Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## DISCUSSION

The FDCPA generally prohibits "debt collectors" from engaging in abusive, deceptive, or unfair debt-collection practices. *See* 15 U.S.C. § 1692. Its purpose is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Among other things, the FDCPA regulates when and where a debt collector may communicate with a debtor, restricts whom a debt collector may contact regarding a debt, prohibits the use of harassing, oppressive, or abusive measures to collect a debt, and bans the use of false, deceptive, misleading, unfair, or unconscionable means of collecting a debt. *See* 15 U.S.C. §§ 1692a-1692p. The FCCPA is "a Florida state analogue to the federal FDCPA" and has similar requirements. *Oppenheim v. I.C. Sys., Inc.*, 627 F.3d 833, 836 (11th Cir. 2010) (per curiam).

The Eleventh Circuit Court of Appeals has adopted the "least sophisticated consumer" standard to analyze claims of deception or misrepresentation under section 1692e. *Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1175 (11th Cir. 1985). This objective standard analyzes whether a hypothetical least sophisticated consumer would be deceived or misled by the debt collector's practices. *See id.* at 1175-76.

Rushmore Loan's motion does not dispute Plaintiff's allegation that the July 6, 2015 letter is a debt collection activity under the FDCPA and FCCPA. Rushmore Loan also does not dispute that it is a "debt collector" as defined by the FDCPA and FCCPA. Rushmore

Loan's motion argues that the letter did not violate the FDCPA and FCCPA because the debt referenced in the letter was not barred by the statute of limitations.[1]  As such, Rushmore Loan contends that its communication was not false, deceptive, or misleading.

The Court agrees with Rushmore Loan's motion if Plaintiff's claims were based solely on an assumption that the letter was false because the five-year statute of limitations completely barred Rushmore Loan from accelerating the loan for a second time and initiating a second foreclosure action.  But they are not.  Plaintiff acknowledges that, under Florida law, a mortgagee may foreclose on a loan that was previously accelerated in a previous foreclosure action.  *See Deutsche Bank Trust Co. Americas v. Beauvais,* No. 3D14–575, --- So.3d ---, 2016 WL 1445415 (Fla. 3d DCA Apr. 13, 2016) (holding that the five-year statute of limitations does not bar a second foreclosure suit filed on a subsequent payment default occurring within the five-year statutory period preceding the commencement of the second suit); *U.S. Bank Nat'l Ass'n v. Bartram,* 140 So. 3d 1007, 1014 (Fla. 5th DCA 2014), *review granted,* 160 So. 3d 892 (Fla. 2014) ("Therefore, we conclude that a foreclosure action for default in payments occurring after the order of dismissal in the first foreclosure action is not barred by the statute of limitations found in section 95.11(2)(c), Florida Statutes, provided the subsequent foreclosure action on the subsequent defaults is brought within the limitations period.").  However, as Plaintiff points out, Rushmore Loan cannot demand payments due *over* five years before the commencement of the second foreclosure.  *See Collazo v. HSBC*

---

[1] In Florida, mortgage foreclosure actions are subject to a five-year statute of limitations.  *See* Fla. Stat. § 95.11(2)(c).

*Bank USA, N.A.*, No. 3D14-2208, --- So.3d ---, 2016 WL 1445419, at *1 (Fla. 3d DCA Apr. 13, 2016) (holding same).

As explained in more detail above, Rushmore Loan's letter omitted the fact that Plaintiff's home was subjected to a prior foreclosure action and failed to exclude from the amount due the monthly installment payments that exceeded five years.  At this stage, these allegations are sufficient to establish that the letter may have been deceptive or misleading to a least sophisticated consumer.

It is therefore **ORDERED AND ADJUDGED** that:

1.      Defendant's Motion to Dismiss (Dkt. 15) is denied.

2.      Defendant shall file its answer within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on June 3, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

*S:\Even\2015\15-cv-2714 mtd 15 deny.wpd*